IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

ESTATE OF GLODE REQUA,                          )
CAROL FLACH, as Executrix of the                )      C.A. No. K19C-03-026 NEP
ESTATE OF GLODE REQUA,                          )      In and For Kent County
CAROL FLACH, individually and                   )
SHIRLEY WADDY, individually,                    )
                                                )
            Plaintiffs,                          )
                                                )
    v.                                           )
                                                )
BAYHEALTH MEDICAL CENTER, INC.                  )
d/b/a KENT GENERAL HOSPITAL,                     )
DELMARVA EMERGENCY                               )
PHYSICIANS, LLP, a Limited Liability            )
Partnership, VERONICA R. RIOS, M.D.,            )
Individually, and THE FREDERICA                  )
VOLUNTEER FIRE CO., a Delaware                   )
Corporation,                                     )
                                                )
            Defendants.                          )

Submitted: June 5, 2019
Decided: June 18, 2019

## **ORDER**

### *Upon Review of the Affidavits of Merit*
### *ACCEPTED*

This matter involves a healthcare negligence suit filed by Plaintiffs Estate of

Glode Requa, Carol Flach individually and as Executrix of the Estate of Glode Requa,

and Shirley Waddy (hereinafter collectively "Plaintiffs"), against Defendants Bayhealth

Medical Center, Inc. d/b/a Kent General Hospital (hereinafter "Moving Defendant"), as

well as Delmarva Emergency Physicians, LLP, Veronica Rios, M.D., and The Frederica

Volunteer Fire Co. (all Defendants hereinafter collectively "Defendants").[1] Moving Defendant has asked the Court to review the affidavits of merit filed in this case to determine whether they satisfy 18 *Del. C.* § 6853. The Court has done so and determined that they do as to Moving Defendant.

In this case, Plaintiffs filed their Complaint on March 19, 2019, alleging that Defendants failed to provide appropriate medical care to "adequately, properly and care for[sic]" the decedent, Glode Requa, leading to his death on January 10, 2017. Plaintiffs allege that Mr. Requa died as a result of Defendants' negligence, careless and/or recklessness, which includes, *inter alia*, Defendants' failure to monitor decedent properly, failure to evaluate and diagnose decedent properly, failure to recognize a life threatening medical condition, failure to comply with the applicable standard of care, failure to provide adequate supervision of medical personnel, and provision of medical treatment and care that caused decedent to suffer respiratory arrest that resulted in his death.

Plaintiffs submitted affidavits of merit to the Court along with the Complaint. However, Plaintiffs failed to attach the *curricula vitae* of their experts. On June 4, 2019, the Court issued an Order deferring its decision on Moving Defendant's Motion and allowing Plaintiffs an additional twenty days to provide affidavits of merit

---

[1] Bayhealth Emergency Physicians, LLC, and Kent County EMS were also initially named as defendants but were subsequently dismissed without opposition from Plaintiffs.

2

complying with the statute. Plaintiffs have complied with that Order, hand-delivering the *curricula vitae* to the Court in sealed format on June 5, 2019.

In Delaware, a healthcare negligence lawsuit must be filed with an affidavit of merit as to each defendant, signed by an expert, and accompanied by the expert's *curriculum vitae.*[2] The expert must be licensed to practice medicine as of the affidavit's date and engaged in this practice in the same or similar field as the defendant in the three years immediately preceding the alleged negligence, and Board certified in the same or similar field as the defendant if the defendant is Board certified.[3] The affidavit must also state that reasonable grounds exist to believe that the defendant was negligent in a way that proximately caused the plaintiff's injury.[4] The affidavit must be filed under seal and, upon request, may be reviewed *in camera* to ensure compliance with statutory requirements.[5] The affidavit's requirements are "purposefully minimal."[6] Affidavits that merely track the statutory language are deemed sufficient.[7]

---

[2] 18 *Del. C.* § 6853(a)(1).

[3] *Id.* § 6853(c). Of course, these requirements apply only if the expert is a physician, and the requirements regarding "same or similar field" apply only if the defendant is a physician. *See McNulty v. Correct Care Solutions, LLC*, 2017 WL 1323711 (Del. Super. April 7, 2017) (requirement of "same or similar" Board certification does not apply where defendant is not a physician); *accord Zappaterrini v. St. Francis Hosp., Inc.*, 2009 WL 1101618 (Del. Super. April 22, 2009). The court notes that Moving Defendant is not a physician.

[4] 18 *Del. C.* § 6853(c).

[5] *Id.* § 6853(d).

[6] *Mammarella v. Evantash*, 93 A.3d 629, 637 (Del. 2014) (quoting *Dishmon v. Fucci*, 32 A.3d 338, 342 (Del. 2011)).

[7] *Dishmon*, 32 A.3d at 342–43.

In this matter, two of the affidavits of merit address the alleged negligence of Moving Defendant along with one or more of the other Defendants. As requested by Moving Defendant, upon the Court's *in camera* review, the Court finds the following as to these two affidavits:

a. Each expert signed the affidavit.

b. The *curriculum vitae* of each expert is attached.

c. The expert who is a physician was licensed to practice medicine as of the date of the affidavit.

d. The expert who is a physician is Board certified in Emergency Medicine, and the other expert has training and experience as well as certification as a registered nurse and a paramedic.

e. The expert who is a physician was involved in treating patients in the field of Emergency Medicine for the three years prior to the alleged negligent acts.

f. Each affidavit states that reasonable grounds exist to believe that the Moving Defendant, along with one or more of the other Defendants, breached the applicable standard of care while treating the decedent, and that the breaches were a proximate cause of the injuries and death of Glode Requa.

4

**WHEREFORE**, in consideration of the above, the court finds that the affidavits of merit comply with 18 *Del.* C. § 6853(a)(1) and (c).

**IT IS SO ORDERED.**

/s/ Noel Eason Primos
Judge

NEP/wjs
via File & ServeXpress
oc:     Prothonotary
        Counsel of Record